IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    **Plaintiff,**

          **v.**                   **Criminal No.** 17-622 (FAB)

JORGE MOLINA-LARRIÓN [2],

    **Defendant.**


**MEMORANDUM AND ORDER**

BESOSA, District Judge

    Before the Court is defendant Jorge Molina-Larrión ("Molina")'s motion for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f). (Docket No. 2295.) Molina also moves for advanced notice pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)"). (Docket No. 2217.) For the reasons set forth below, Molina's motions for a bill of particulars and advanced notice are both **DENIED**.

**I.    Bill of Particulars**

    On December 8, 2017, a grand jury returned an indictment charging Molina and 103 other individuals with conspiring to possess with intent to distribute at least 280 grams of crack cocaine, at least 1 kilogram of heroin, at least five kilograms of cocaine, and at least 100 kilograms of marijuana within 1,000 feet of a property owned by a public housing authority in violation of

21 U.S.C. §§ 841(a)(1), 846 and 860 (count one), and using a

firearm in furtherance of a drug trafficking crime in violation of

18 U.S.C. § 924(c)(1)(A) (count two). (Docket No. 3.)[1]

The speaking indictment alleges that Molina served as a leader

within Los Menores, a violent and well-organized street gang based

in Bayamón, Puerto Rico. Id. at p. 13. Molina purportedly acted:

> as a drug point owner, enforcer and supplier within the
> conspiracy. As a drug point owner, he was the 'owner'
> of the powder cocaine and marijuana sold at Los Jeannie
> Public Housing Project and at El Cerro, in Naranjito.
> As an enforcer, he would carry and use firearms during
> and in relation to the drug trafficking activities. As
> a supplier, he would supply narcotics and firearms,
> including but not limited to 'high power' rifles, to
> other members of Los Menores in order to further the
> goals of the conspiracy.

Id. The allegations set forth in counts one and two occurred from

2010 to December 8, 2017, the date of the indictment. Id.

Molina requests that the Court order the United States to

file a bill of particulars. (Docket No. 2295.) In an information

filed on June 4, 2012, the United States charged Molina with

possessing a firearm in furtherance of a drug trafficking crime in

violation of 18 U.S.C. § 924(c)(1)(A). (Case No. 12-435 (GAG),

Docket No. 2.)[2] Molina pled guilty that same day, receiving a

---

[1] All defendants are charged in count one. (Docket No. 3.) Forty-one
defendants, including Molina, are charged in count two. Id.

[2] Molina waived the indictment. (Case No. 12-435, Docket No. 3.)

sentence of 120 months imprisonment.  (Docket Nos. 3 and 10.)  He is currently serving that sentence.

According to Molina, discovery disclosed by the United States concerns "conduct that occurred while Molina was incarcerated." (Docket No. 2295 at pp. 2—3.)  Molina argues that a purported lack of discovery requires "fair particularization" including "bare essentials of date, time, place and participants."  Id. at p. 5. He seeks, _inter alia_, the names of any person involved in the conspiracy, the "precise date and location," the "precise time," and the "illegal substance and the quantity of same involved in each such act."  Id. at pp. 6—11.

A bill of particulars serves "to provide the accused with details of the charges against him where necessary to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy."  United States v. Pavía, 892 F.2d 148, 154 (1st Cir. 1989) (citation omitted).  "Motions for bills of particulars are seldom employed in modern federal practice." United States v. Sepúlveda, 15 F.3d 1161, 1192 (1st Cir. 1993).  A bill of particulars "is not an investigative tool for defense counsel 'to obtain a detailed disclosure of the government's evidence prior to trial.'"  United States v. Rodríguez-Torres, 560 F. Supp. 2d 108, 111 (D.P.R. 2008) (García, J.) (quoting United States v. Kilrain, 566 F.2d 979, 985 (5th Cir. 1978)).  The Court

possesses "very broad discretion in ruling upon requests for such bills." <u>Will v. United States</u>, 389 U.S. 90, 98-99 (1967).

Molina's request for a bill of particulars is unpersuasive because the indictment provides ample specification to prepare a defense, avoid unfair surprise at trial, and complies with the Double Jeopardy Clause. <u>See</u> <u>Sepúlveda</u>, 15 F.3d at 1192-93. The indictment specifies sufficiently the nature of the charges, detailing Molina's involvement in the alleged conspiracy. Docket No. 3; <u>see</u> <u>United States v. Hallock</u>, 941 F.2d 36, 41 (1st Cir. 1991) ("We are satisfied that the indictment contained enough information to inform [the defendant] of the criminal conduct in which he was alleged to have engaged, and that he was not prejudiced or surprised by any of the alleged deficiencies. As the indictment was not impermissibly vague, the district court acted within its discretion in refusing to order a bill of particulars."). Accordingly, the Court **DENIES** Molina's motion for a bill of particulars. (Docket No. 2295.)

## II.  **Federal Rule of Evidence 404(b)**

Molina requests that the United States "confirm whether or not it intends to introduce 404(b) evidence that includes the 2012 offense conduct." Docket No. 2217 at p. 3; <u>see</u> Case No. 12-435. Rule 404(b) requires the United States to "provide reasonable notice of the general nature of any such evidence that the

prosecutor intends to offer at trial . . . before trial – or during trial if the court, for good cause, excuses lack of pretrial notice." Fed. R. Evid. 404(b)(2). The rule "imposes no specific time limits beyond requiring reasonable pretrial notice, and the Committee notes explain that 'what constitutes a reasonable . . . disclosure will depend largely on the circumstances of each case." United States v. Pérez, 36 F.3d 1552, 1561 (11th Cir. 1994) (citing Fed. R. Evid. 404(b) Committee Note). Indeed, the Court's standing criminal scheduling order provides that the "United States shall provide reasonable notice in advance of trial of any Rule 404(b) evidence."[3] The parties are engaging in plea negotiations and no trial date has been set. At this juncture, advanced notice of potential 404(b) evidence is unwarranted.

## III. Conclusion

For the reasons set forth above, Molina's motions for a bill of particulars and advanced notice of 404(b) evidence are both **DENIED**. (Docket Nos. 2217 and 2295.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 5, 2019.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE

---

[3] Criminal Scheduling Order, available at http://www.prd.uscourts.gov/criminal-scheduling-order (last visited Dec. 12, 2019.)